## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

IN RE:                                             CHAPTER: 11

BIG DADDY GUNS, INC. &                CASE NO.: 23-10053-KKS
BIG DADDY GUNS 2, INC.,                 CASE NO.: 23-10054-KKS

    Debtors.                                      *Jointly Administered under*
_____/            *Case No. 23-10053-KKS*

BIG DADDY GUNS, INC. &
BIG DADDY GUNS 2, INC.,

      Plaintiffs,                                   ADV. NO.: 23-01001-KKS
                                                          ADV. NO.: 23-01002-KKS
                                                          ADV. NO.: 23-01003-KKS
v.                                                        ADV. NO.: 23-01004-KKS

REDSTONE ADVANCE, INC., et al.,

    Defendants.
_____/

## OMNIBUS ORDER SCHEDULING STATUS HEARING/ JUDICIAL SETTLEMENT CONFERENCE[1]

    THIS ADVERSARY PROCEEDING is before the Court *sua sponte*.

    The parties are Debtors, BIG DADDY GUNS, INC. ("BDG"), BIG

DADDY GUNS 2, INC. ("BDG2"); and Creditors, REDSTONE

ADVANCE, INC. ("Redstone"), WYNWOOD CAPITAL GROUP, LLC

---

[1] This Order will also be entered in the Chapter 11 case, Case No. 23-10053-KKS, Adv. No. 23-01001-KKS, Adv. No. 23-01002-KKS, Adv. No. 23-01003-KKS, and Adv. No. 23-01004-KKS.

d/b/a ZEN CAPITAL ("Zen"), MEGED FUNDING GROUP CORP. ("Meged"), and RSR GROUP, INC. ("RSR"). In the Joint Report, the parties stated that settlement negotiations had not been fruitful; that Redstone and RSR are open to engaging in mediation or other alternative dispute resolution; and that Zen, Meged, and Debtors are not opposed to a judicial settlement conference.[2]

Summary of Facts:[3] Debtors and Creditors did business pre-petition.[4] According to Debtors, the wholesale value of the Seized Inventory is $464,868.75.[5] Creditors' filed claims total in excess of $12 million:

- Claim No. 7-1 – RSR: $164,000, secured by inventory sold to Debtors.

- Claim No. 9-2 – Zen: $3.45 million, secured by accounts receivable, contract rights, general intangibles, listed on UCC-1; final money judgment entered by Alachua County Circuit Court.

- Claim No. 10-3 – Meged: $4.255 million, secured by accounts receivable, contract rights, general intangibles, listed on UCC-1; amended arbitration award issued in December 2022; case pending Alachua County, Florida, to reduce to judgment.

---

[2] *Report of the Parties Meeting Pursuant to Fed. R. Civ. P. 26(f)*, Adv. No. 23-01001-KKS, ECF No. 69, p. 3 ("Joint Report").

[3] This summary is not intended, nor shall it be construed, as findings of fact or prejudicial to any party.

[4] The Court is mindful that the disputes between Debtors and Creditors involve additional parties not before this Court.

[5] Adv. No. 23-01001-KKS, ECF No. 62, p. 6.

- Claim No. 11-1 – Redstone: $4.402 million, secured by "all assets" including inventory, listed in "Secured Merchant Agreement" and UCC-1.

<u>The Status</u>: Debtors claim their goal is to reorganize their business affairs and that they cannot do so effectively without the Seized Inventory. Debtors attack the enforceability of contracts with Redstone, Zen, and Meged. The parties have raised myriad other legal arguments. Creditors desire to proceed against Debtors' affiliates and principal in state court.

The Court sets this hearing/judicial settlement conference to a) determine whether there is any common ground and, if so, how to reach it; and b) facilitate communication between the parties and their counsel.

For the reasons stated, it is ORDERED:

1.   The parties shall appear at a hearing to take place via Zoom.gov on **July 19, 2023 at 1:45 p.m. (EST).** The hearing may be continued or rescheduled in open court or by docket entry.

2.   No later than one (1) business day prior to the hearing, counsel for Debtors shall *confer* (actually talk), or make reasonable efforts to confer, with counsel for each Creditor about issues and possible ways to expedite or resolve them.

3.   The parties shall be prepared to summarize their legal

arguments and indicate whether settlement of any matters appears possible. As to issues not likely to settle, each party shall be prepared to discuss how much discovery is needed with respect to each issue.

4. To assist the parties in their discussions, the Court identifies the following issues (this is not an exhaustive list):

a. Why Creditors need orders permitting them to pursue claims against non-debtors in other courts.

b. Legal authority supporting Debtors' ability, *vel non,* to challenge Creditors' contracts that have been reduced to final judgment.

c. Legal basis for Redstone to pursue alleged contractual security interests after reducing its contract to a final judgment, and its argument that Debtors may not challenge that contract.

d. Discovery the parties agree can be pursued via Rule 2004 Examinations versus depositions in adversary proceedings.

DONE and ORDERED on _____ July 13, 2023 _____.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: all parties in interest